09-2505-ag
Huang v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of August, two thousand and ten.

PRESENT:

GUIDO CALABRESI,
ROSEMARY S. POOLER,
DENNY CHIN,
*Circuit Judges*.

_____

Yuang Zee HUANG,

*Petitioner*,

-v.-                                                        No. 09-2505-ag

Eric H. HOLDER, Jr., Attorney General of the United States,

*Respondent,*

_____

Submitted for Plaintiff-Appellee:        MICHAEL BROWN, Law Offices of Michael Brown, New York, N.Y.

-1-

Submitted for Defendants-Appellants:          CHRISTOPHER P. McGREAL, United States
                                               Department of Justice, Office of Immigration
                                               Litigation, Washington, D.C.

_____

     **AFTER ARGUMENT AND UPON DUE CONSIDERATION** of this motion for a stay pending resolution of a petition for review of a judgment entered by the Board of Immigration Appeals, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the motion is **GRANTED**.

_____

     Petitioner Yuan Zee Huang filed an appeal from the Board of Immigration Appeals's denial of his untimely motion to reopen and moved this Court to stay his order of removal pending the resolution of his appeal. Before submitting its brief on the merits, the Government moved to dismiss Huang's appeal pursuant to the fugitive disentitlement doctrine. The Government's motion is hereby held in abeyance pending full briefing on the merits. *See Wu v. Holder*, No. 09-2564 (2d Cir. August 4, 2010). The panel of this court hearing the merits should be sent the Government's motion for dismissal. We grant Huang's stay of removal pending action by that panel.

                          FOR THE COURT:

                          Catherine O'Hagan Wolfe, Clerk of Court